# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

CHRISTIE KELLY on behalf of    )
C.I.K., a minor,               )
                               )
             Plaintiff,        )
                               )
v.                             )    Case No. CIV-14-104-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
             Defendant.        )

## OPINION AND ORDER

Plaintiff Christie Kelly ("Plaintiff"), on behalf of the minor child, C.I.K. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or

mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. The regulations require the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

(1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on May 6, 2002 and was 7 years old when he filed for disability benefits and 10 years old on the date the ALJ issued his decision. Claimant is alleged to have become disabled due to a learning disorder, attention deficit hyperactivity disorder ("ADHD"), adjustment disorder, and asthma.

## Procedural History

On September 18, 2009, Claimant, through Plaintiff, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. After an administrative hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on Claimant's application on February 25, 2011. On March 12, 2012,

the Appeals Council remanded the case back to the ALJ for further proceedings.

On October 2, 2012, Plaintiff appeared at an administrative hearing before ALJ Richard J. Kallsnick. The ALJ issued a second unfavorable decision on October 24, 2012. On January 16, 2014, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step three of the sequential evaluation. He determined that Claimant's condition did not meet a listing and he had not been under a disability during the relevant period.

## Review

Plaintiff asserts the ALJ committed error in (1) failing to fully comply with the Appeals Council's order on remand; (2) failing to perform a proper credibility analysis; and (3) reaching a decision which is not supported by substantial evidence.

## Compliance with the Appeals Council's Remand Order

In his decision, the ALJ determined Claimant suffered from the severe impairments of a learning disorder and ADHD. (Tr. 36). The ALJ also determined Claimant did not meet a listing or the

equivalency of a listing, singly or in combination of his impairments. (Tr. 36-37). The ALJ analyzed the six domains of functioning in light of Claimant's severe impairments. He concluded Claimant had slight or no problems in the areas of acquiring and using information; a less than marked limitation in attending and completing tasks; a less than marked limitation in interacting and relating to others; no limitation in moving about and manipulating objects; no limitation in the ability to care for himself; and no limitation in health and physical well-being. (Tr. 40-45).

Plaintiff first contends the ALJ failed to develop the record as directed by the Appeals Council. This Court would point out that the Appeals Council had the opportunity to find non-compliance with its directives but did not do so. (Tr. 1-4). In the Appeals Council's Order, it directed the following on remand:

> Obtain additional evidence concerning the claimant's mental impairments in order to complete and update the administrative record in accordance with the regulatory standards regarding consultative examinations and existing school records and medical evidence . . . . The additional evidence may include, if warranted and available, a consultative mental status examination and medical source and teacher statements about what the claimant can still do despite the impairment.

(Tr. 139-40).

In response on remand, the ALJ secured a consultative mental

examination by Dr. Denise LaGrand on July 30, 2012. Dr. LaGrand administered the Wechsler Intelligence Scale for Children – Fourth Edition. Dr. LaGrand reviewed a WISC-IV test administered by Dr. Todd Graybill in 2010 which was not completed because Plaintiff quit trying on the last half of the test. She also reviewed a letter from Alice Hicks, MHR, LPC fo Oklahoma Families First, Inc. from February of 2011 which indicated a diagnosis of adjustment disorder. (Tr. 340). Dr. LaGrand diagnosed Claimant with Adjustment Disorder (suspected chaotic home life), rule out learning disabilities, Borderline Intellectual Functioning, and a GAF of 65. (Tr. 344). Claimant scored a 73 on the Verbal Comprehension Index, 88 on the Perceptual Reasoning Index, 91 on the Working Memory Index, and 83 on the Processing Speed Index. (Tr. 343). Claimant's Full Scale IQ Score was 78. Id. Dr. LaGrand found "[t]he differences among his scores indicate that his Full-Scale IQ score is not an adequate representation of his overall functioning, and individual strengths and weaknesses need to be taken into account." Id. Dr. LaGrand did not feel that the performance on this exam supported a finding of ADHD. (Tr. 344). She suggested that Claimant would need more recent achievement testing to compare with his current IQ score. Id.

Dr. LaGrand also completed a medical source statement dated

July 30, 2012. She concluded Claimant was markedly limited in the areas of understanding and remembering complex instructions, carrying out complex instructions, and the ability to make judgments on complex work-related decisions. Moderate limitation was found in the functional areas of understanding and remembering simple instructions, carrying out simple instructions, and the ability to make judgments on simple work-related decisions. (Tr. 348). She wrote on her statement that "school performance should be tested to compare with IQ score." (Tr. 349).

The ALJ gave Dr. LaGrand's opinion "considerable weight." He found her opinions were consistent with other evidence and her diagnosis of adjustment disorder appeared to be in order with other evidence and the testimony of Plaintiff, Claimant's mother. (Tr. 39).

Claimant contends it was error for the ALJ to fail to order additional testing because the Appeals Council ordered it. The Appeals Council's order does not dictate the level or nature of the testing it would require on remand. The more important consideration is whether the ALJ adequately developed the record in light of the considerable weight given to Dr. LaGrand's opinion by the ALJ and the repeated call for more testing by Dr. LaGrand in her assessments.

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or

prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

(1) The additional evidence needed is not contained in the records of your medical sources;

(2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .

(3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;

(4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or

(5) There is an indication of a change in your condition that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

In this instance, Dr. LaGrand makes clear in her reports that a complete picture of Claimant's mental status and potential Borderline Intellectual Functioning is not possible without additional testing. On remand, the ALJ shall obtain the testing suggested by Dr. LaGrand in order to fulfill his obligation to develop the record. Thereafter, should further assessment be required from Dr. LaGrand either from administering additional testing or assessing it, the ALJ shall re-consult with Dr. LaGrand or another mental health professional to obtain their opinion. Additionally, should the ALJ ascertain that Claimant did receive

mental health treatment from Dr. Larry Vaught, he shall make every effort to complete the record by obtaining these treatment records.

## Credibility Determination

In assessing Plaintiff's credibility in testifying as to her son's problems, the ALJ concluded with the rejected boilerplate language that the statements were not credible to the extent that they are inconsistent with the listing findings made earlier in the decision. (Tr. 38). The ALJ should have considered the testimony in the process of determining whether Claimant met a listing. From a review of the testimony reflected in the decision, the ALJ evaluated the mother's testimony from the second administrative hearing but not the first. (Tr. 38, 43, 45). He also did not consider the grandmother's testimony or assess her credibility. (Tr. 107-11). The ALJ shall consider all explanatory testimony including the totality of the records and statements from Claimant's teachers on remand.

## Step Three Findings

Since this Court has directed that further testing be obtained and possibly further assessment by Dr. LaGrand or other consultative professional, a reassessment of the six domains may be in order on remand. On remand, the ALJ shall consider the new testing evidence and opinion in considering his step three

findings.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 29th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE