# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CHRISTIE KELLY, o/b/o C.I.K., )
a minor, )
                                  )
            Plaintiff, )
                                  )
v. ) Case No. CIV-14-104-KEW
                                  )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
                                  )
            Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23). By Order and Opinion entered March 29, 2016, this Court reversed the decision of the Commissioner to deny Claimant's application for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 30.30 hours of time expended by her attorney at the stipulated fee rate for a total request of $5,757.00 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §

2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The primary issue for consideration in this appeal was whether the ALJ should have ordered additional testing and reconsultation with Dr. Denise LaGrand in light of the ALJ giving her opinion "considerable weight." Dr. LaGrand had stated that a complete picture of Claimant's mental functioning could not be ascertained without such testing. The Commissioner appears to argue that the ALJ fulfilled this obligation by obtaining other records. This did not satisfy the ALJ's obligation to develop the record on Claimant's mental status. The failure do so is not substantially justified.

IT IS THEREFORE ORDERED that Claimant's Motion for Award of

Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23) is hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $5,757.00. In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 21st day of November, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE